IN THE CIRCUIT COURT OF LEWIS COUNTY, WEST VIRGINIA

DONNA ROLLINS,
     Plaintiff,

v.                                 Civil Action No. 07-C-_____

EXCALIBUR I, LLC.
and
MAPOTHER AND MAPOTHER, P.S.C
     Defendants.

AMENDED COMPLAINT

Now comes the Plaintiff, Donna Rollins, by counsel, Julie Gower Romain and states

and complains as follows:

1. On all dates pertinent hereto, Plaintiff was a resident of Harrison County, West Virginia,

with an address of PO Box 408, Anmore, West Virginia, 26323.

2. Defendant Excalibur I, LLC ( hereinafter Excalibur) is a company doing business in the

State of West Virginia with an address of 3000 Marcus Avenue, Suite 1W5, Lake Success,

New York, 11042.

3. Defendant Mapother and Mapother, P.S.C., is a law firm doing business in the State of

West Virginia with an address of 801 West Jefferson Street, Louisville, Kentucky, 40202-

2606.

3. On December 12, 2003, Defendant Excalibur obtained a default judgment in the amount

of $ 12,466.50 against the Plaintiff in Lewis County Circuit Court in case No. 03-C-00084.

4. At the time said judgment was obtained, the Defendant was not a licensed debt collector in the State of West Virginia and was the successor in interest to Direct Merchants.

5. The Defendant has since entered into a consent agreement with the West Virginia Attorney General's office regarding its illegal actions in the unlicenced collection of debts in the State of West Virginia.

6. On or about October 6, 2005, Defendant, through its counsel, Mapother and Mapother, agreed to accept payment of the illegally obtained judgment against the Plaintiff in the amount of $ 12,633.00.

7. Thereafter and at the time of payment, Defendant, through its counsel, Mapother and Mapother,  refused to accept the amount of $ 12,633.00 as payment in full for the debt as previously agreed and demanded $ 17,023.89 in payment for release of a lien for the judgment against real estate owned by the Plaintiff.

8. Plaintiff did not agree to pay this amount.  However, the closing attorney for the real estate transaction paid those funds to the Defendant.

9. Plaintiff states upon information and belief that the amount of $ 17,023.89 includes charges and costs not reflected in the illegally obtained judgment against the Plaintiff.

10. Following receipt of the amount of $ 17,023.89, Defendant issued to the Plaintiff its

letter dated November 4, 2005.

11. Thereafter, Defendant reported to the credit reporting agencies and caused to appear on the Plaintiff's credit report an entry reporting that the Plaintiff owes an additional $ 168.00 toward this debt.

## COUNT I

Plaintiff restates those paragraphs set forth above and further states:

12. Defendant Excalibur has engaged in collection of debts in West Virginia at a time when it was not licensed to do so, in violation of West Virginia Code § 47-16-2.

13. Violation of a statute designed to protect consumers is an unfair and deceptive act or practice in violation of West Virginia Code § 46A-6-104.

14. Plaintiff has suffered damages as a result of Defendant's violation of the West Virginia Consumer Credit and Protection Act. Plaintiff is further entitled to statutory damages.

## COUNT II

Plaintiff restates those paragraphs set forth above and further states:

15. Defendant has made a false report to various credit reporting agencies regarding an

additional $ 168.00 claimed to be owed by the Plaintiff at a time when the Defendant has advised the Plaintiff, in writing, that the debt is paid in full, and in an effort to collect further amounts related to the illegally obtained judgment against Plaintiff.

16. Defendant Excalibur has engaged in unconscionable debt collection practices in violation of West Virginia Code § 46A-2-128.

17. Plaintiff has suffered damages as a result of the Defendant's unconscionable debt collection practices. Plaintiff is further entitled to statutory damages.

COUNT III

Plaintiff restates those paragraphs set forth above and further states:

18. Defendant reported the amount of $ 168.00 to the various credit reporting agencies as delinquent and owing from the Plaintiff and regarding this debt at a time when the Defendant had provided written notice to the Plaintiff that this debt was paid in full.

19. Defendant has acted with malice toward the Plaintiff and has engaged in the violation of the Fair Credit Reporting Act, 15 USC § 1681s-2 and § 1681n.

20. Plaintiff has suffered damages as a result of Defendant's violation of the Fair Credit Reporting Act. Plaintiff is further entitled to statutory damages for such violation.

COUNT IV

Plaintiff restates those paragraphs set forth above and further states:

21. The Defendant has engaged in fraud.  Specifically,

a.  The Defendant obtained a judgment against the Plaintiff in Lewis County Circuit Court when it was not legally entitled or licensed to do so.

b. The Defendant agreed to accept $ 12,633.00 in payment of the judgment.

c. The Defendant thereafter and after considerable reliance by the Plaintiff, refused to accept such payment and demanded a greater amount.

d. The Defendant advised the Plaintiff, in writing that the debt was paid in full and thereafter attempted to extort additional amounts from the Plaintiff by reporting additional amounts not owed by the Plaintiff to the various credit reporting agencies.

22. Plaintiff has suffered damages as result of Defendant's fraud.

COUNT V

Plaintiff restates those paragraphs set forth above and further states:

23. At the time it demanded payment of $ 17,023.89, after agreeing to accept payment in the amount of $ 12,633.00, Defendant Excalibur represented to Plaintiff that such amount represented payment of the debt in full.

24. Thereafter, Defendant reported to the consumer credit reporting agencies that Plaintiff was in default of the debt and owed an additional $ 168.00 toward the debt.

25. Defendant has misrepresented the character, extent or amount of a debt alleged to be owed by a consumer in violation of the West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-2-127 (d).

## COUNT VI

Plaintiff restates those paragraphs set forth above and further states:

26. Defendant Excalibur engaged in the collection of a debt from the Plaintiff in the State of West Virginia when it was not legally licensed to do so.

27. Defendant has taken or threatened to take actions prohibited by law in the collection of a consumer debt in violation of the West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-2-124 (f).

## COUNT VII

Plaintiff restates those paragraphs set forth above and further states:

28. After receiving payment in full, Defendant Excalibur reported to the consumer credit reporting agencies that Plaintiff owed an additional $ 168.00 toward the debt.

29. Defendant represented to the consumer credit reporting agencies that Plaintiff was in

default of the payment of $ 168.00 after advising the Plaintiff, in writing, that such amount was paid in full or forgiven pursuant to the Agreement entered between Defendant and the West Virginia Attorney General's office.

30.   Plaintiff states that Defendant Excalibur's intent in reporting such amount as delinquent to the credit reporting agencies represents and effort to cause the Plaintiff to pay a portion of the debt collector's fees or other charge not set forth in the initial agreement creating the debt or the judgment illegally obtained by the Defendant, in violation of the West Virginia Consumer Credit and Protection Agency, West Virginia Code § 46A-2-128.

COUNT VIII

Plaintiff restates those paragraphs set forth above and further states:

31. Defendant Mapother and Mapother is a law firm engaged in debt collection in the State of West Virginia and is a debt collector as the same is defined by the West Virginia Consumer Credit and Protection Act and the Fair Debt Collection Practices Act.

32. Defendant Mapother and Mapother knew or should have known that Excalibur was not licensed to collect debts or collect other amounts from the Plaintiff in the State of West Virginia.

33. Defendant made representations to the Circuit Court, the Plaintiff and the closing attorney regarding Defendant Excalibur's status and right to collect this debt in violation

of West Virginia law and represented the same to be a valid claim made on behalf of Defendant Excalibur.

34. Defendant Mapother and Mapother made material misrepresentations of its client's right to collect this debt  in its efforts to collect a debt from Plaintiff.

35. Defendant Mapother and Mapother   has engaged in unfair and deceptive acts or practices in the collection of a debt from a consumer in violation of the West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-104.

COUNT IX

Plaintiff restate those paragraphs set forth above and further states:

36.  Defendant Mapother and Mapother  has engaged in fraud.  Specifically,

a.  The Defendant obtained a judgment against the Plaintiff in Lewis County Circuit Court on behalf of Defendant Excalibur when Defendant Excalibur  was not legally entitled or licensed to collect such debt.

b. The Defendant agreed to accept $ 12,633.00 in payment of the judgment.

c. The Defendant thereafter and after considerable reliance by the Plaintiff, refused to accept such payment and demanded a greater amount.

d. All such representations were made to the Plaintiff at a time when Defendant Mapother and Mapother knew or should have known that Excalibur could not legally collect this debt in the State of West Virginia.

Wherefore, Plaintiff demands damages as follows:

1. Forgiveness of any debt alleged to be owed by Plaintiff.

2. Actual damages of $ 17,023.89 plus all other losses by Plaintiff.

3. Statutory damages of $ 1,000, adjusted for inflation from September 1, 1974, for each violation of the West Virginia Consumer Credit and Reporting Act.

4. Statutory damages for violation of the Fair Credit Reporting Act.

5. Punitive damages.

6. All costs and fees associated with bringing this action, including reasonable attorney's fees.

7. Such other further relief as this Court may deem just.

Plaintiff demands a trial by jury.

Submitted this 4th day of November, 2008.

Donna Rollins, Plaintiff
By counsel,

Julie Gower Romain
211 Adams Street, Suite 600
Fairmont, WV. 26554
WV State Bar ID #5544